# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Clinton Ferrier** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR03078-008JB** |
| | USM Number: **61728-051** |
| | Defense Attorney: **Zachary Ives, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1 and S34 of Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 07/16/2009 | S1 |
| 21 U.S.C. Sec. 843(b) | Use of a Telephone to Facilitate a Drug Trafficking Offense | 6/20/2009 | S34 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count s **S32, S33, S35 and S36** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 27, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 21, 2011**
Date Signed

Defendant: **Clinton Ferrier**
Case Number: **1:09CR03078-008JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **36 months**.

**A term of 36 months is imposed as to each of Counts S1 and S34; said terms shall run concurrently to each other and the state sentences that the Defendant is currently serving in the New Mexico Department of Corrections imposed by the Eleventh Judicial District Court in San Juan County, New Mexico in No. D-1116-CR-2009-0270, No. D-1116-CR-2009-1108, and No. D-1116-2009-1109.**

**The Court recommends that this sentence commence on the date of its imposition.**

**The Court incorporates by reference its Memorandum Opinion and Order, filed September 29, 2011 (Doc. 385)("MOO"). Defendant Clinton Ferrier, pursuant to a Plea Agreement, filed June 3, 2011 (Doc. 316), pled guilty to Count 1 and Count 34 in the Superseding Indictment, filed April 27, 2010 (Doc. 62), charging him with a violation of 21 U.S.C. § 846, that being conspiracy to distribute methamphetamine, and with a violation of 21 U.S.C. § 843(b), that being use of a telephone to facilitate a drug trafficking offense. The Plea Agreement contains an agreement by the parties that the nature and circumstances of the offense and the case warrant a sentence of 36-months imprisonment. See Plea Agreement ¶ 8, at 3. The Plea Agreement also contains a stipulation that the federal sentence in this case should run concurrently with the state sentences Ferrier is currently serving and that the federal sentence should commence on the date of its imposition. See Plea Agreement ¶ 8, at 3. The United States agreed to dismiss the remaining charges against Ferrier. See Plea Agreement at ¶ 14, at 6.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Ferrier on July 27, 2011. In the PSR, the USPO calculated Ferrier`s total offense level of 29. See PSR ¶ 252, at 40. The PSR grouped Count 1 and Count 34 "for the purpose of determining a single offense level, based on the total amount of methamphetamine attributable to" Ferrier. See PSR ¶ 243, at 38. The PSR included a 16-level upward adjustment, as required by the career offender provisions of U.S.S.G. § 4B1.1, because Ferrier has at least two prior qualifying felony convictions. See PSR ¶ 250, at 39. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Ferrier`s demonstration of acceptance of responsibility for the offense of conviction. See PSR ¶ 251, at 40. The PSR lists his criminal history category as VI, based on 28 criminal history points. See PSR ¶ 265, at 53. An offense level of 29 and a criminal history category VI results in a guideline imprisonment range of 151 to 188 months. On August 19, 2011, the USPO disclosed the Re-Disclosed Presentence Investigation Report to update various facts regarding the co-defendants in the case and to clarify some details of prior offenses. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Ferrier seeks a 36-month sentence from the Court. Plaintiff United States of America agreed to this sentence in the Plea Agreement. The PSR includes a 3-level offense level reduction for Ferrier`s acceptance of responsibility. The PSR states that Ferrier "demonstrated an acceptance of responsibility for the offense of conviction" based on the letter he sent the USPO. PSR ¶¶ 242, 251, at 37-38, 40. Accordingly, the Court will reduce Ferrier`s criminal offense level 3 levels to a level 29. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 29 and a criminal history category VI produces a guideline sentence of 151 to 188 months.**

**The Court notes that Ferrier conspired to distribute 7 grams of methamphetamine and used a telephone to facilitate a drug-trafficking offense. The Court has considered carefully the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Ferrier`s offense. The Court believes a sentence in the range of 151 to 188 months is more than necessary to reflect the seriousness of this offense. The Court agrees with the parties` and the PSR`s characterization of Ferrier`s role in this drug trafficking scheme. It appears that Ferrier was primarily trafficking methamphetamine to support his own drug habit. The Court does not believe there is a need to emphasize protecting the public a great deal in this case. While the variance is substantial, the career offender provisions have made the guideline sentence particularly high. Based on the other plea agreements in this case involving similar conduct, the Court concludes that a sentence of 36 months will not result in unwarranted sentencing disparities among similarly situated defendants. The Court must consider all the plea agreements in this case within the context of this larger drug trafficking scheme. The Court also considers that the rehabilitation that has taken place so far in this case is significant, which gives the Court comfort that the sentence will provide adequate deterrence. The Court has considered the guidelines, and, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court is also aware of some weaknesses in the United States` case, specifically**

evidentiary concerns to which it has pointed that could affect its ability to meet its burden of proof and a potential speedy trial motion. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. Taking into account Ferrier`s role in this organization, a minor one primarily involving trafficking of methamphetamine to support his drug habit, the Court believes it is on solid ground to grant a variance. For example, one of the co-defendants who sold methamphetamine received a sentence of only 13 months in part based on his substance abuse problems. Another co-defendant who sold methamphetamine received a sentence of 48 months. A third co-defendant who sold methamphetamine received a sentence of 41 months. Ferrier is more in line with these people, and to sentence him to 151 to 188 months imprisonment would result in unwarranted disparities among Defendants in the same case who have been pled guilty based on the similar conduct. While there is a difference in Ferrier`s criminal history, that factor is not sufficient to justify a guideline sentence, even at the low end. The 36-month sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Finally, the Court believes Ferrier`s sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Ferrier to 36-months incarceration.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends expedited designation of the Defendant, as well as a recommendation to the New Mexico Department of Corrections (Roswell Correctional Center) as the facility where the Defendant will serve his federal sentence, if eligible. Further, the Court recommends that the federal sentence commence on the date of its imposition.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Clinton Ferrier**
Case Number: **1:09CR03078-008JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to Count S1; a term of 1 year is imposed as to Count S34; said terms shall run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Clinton Ferrier**
Case Number: **1:09CR03078-008JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, alcohol or any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant shall have no contact with the co-defendants in this case.**

**The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the treatment provider and as approved by the probation officer, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

Defendant: **Clinton Ferrier**
Case Number: **1:09CR03078-008JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐  The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒  In full immediately; or
B   ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.